In the Matter of the Application of CHARLES S. WHITNEY et al., Relators, Appellants, for a Writ of Mandamus to GEORGE KUNKEL et al., Supervisors of the County of Kings, Respondents.

The fact that in making an apportionment of a county into assembly districts it was not based upon the citizen population, but aliens were included, does not necessarily require that the apportionment should be set aside for that error. The court will not presume a material disproportion in the distribution of aliens throughout the county.

In proceedings by mandamus to compel the board of supervisors of Kings county to re-convene and make a new apportionment of the county into assembly districts on the ground that the apportionment made was not based on the citizen population, excluding aliens, but that aliens were included, it appeared that the apportionment first made was set aside in proceedings by mandamus as violative of the Constitution, unequal and vicious, and a new apportionment ordered. In making the original apportionment the same error was made, *i. e.*, including aliens, but no objection was taken on that account in the first proceedings. Another apportionment (the one here complained of) was then made. The proof tended to show that the distribution of aliens through the districts formed was in a proportion varying so little from that of the citizen population that the same apportionment might properly have been made had it been based upon the citizen population alone. *Held*, that under the circumstances and as no appreciable harm had resulted from the error complained of, a second judicial interference was not required.

Reported below, 75 Hun, 581.

(Argued May 2, 1894; decided June 5, 1894.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 12, 1894, which affirmed an order of Special Term denying a motion for a writ of mandamus.

The relators applied for a mandamus directed to the board of supervisors of the county of Kings, requiring it to convene and divide said county into assembly districts, claiming that an apportionment heretofore made should be set aside on the ground that the population upon which it was based included aliens.

The facts, so far as material, are stated in the opinion.

*Jesse Johnson* for appellants. It was and is the duty of the defendants to divide the county into eighteen assembly districts as nearly equal in citizen population as is attainable. (Const. N. Y. art. 3, § 5.)

*Almet F. Jenks* for respondents. The writ of mandamus is not always granted as of right, and whether it shall issue frequently rests in the discretion of the court. This motion was denied by the court in the exercise of its sound discretion. (*People ex rel.* v. *Assessors*, 137 N. Y. 204; *People ex rel.* v. *Common Council*, 78 id. 56, 63; *People ex rel.* v. *Chapin*, 104 id. 96, 102; *People ex rel.* v. *Preston*, 62 Hun, 185; 131 N. Y. 644; *People ex rel.* v. *Rice*, 135 id. 473; *Gormley* v. *Day*, 114 Ill. 185, 189; Merrill on Mandamus, §§ 66, 74; *People* v. *Hatch*, 33 Ill. 9, 134; 137 N. Y. 204; *Reg.* v. *Griffiths*, 5 B. & Ald. 731, 735; Shortt on Informations, 246; *Reg.* v. *Pembrokeshire*, 2 B. & Ad. 391; High Ex. Leg. Rem. § 14; *North* v. *Board*, 27 N. E. Rep. 54; *People* v. *Tremain*, 17 How. Pr. 142.) Appeal does not lie to this court. (*In re Sage*, 70 N. Y. 220; *People* v. *Ferris*, 76 id. 326; *People* v. *Campbell*, 72 id. 496; *People ex rel.* v. *Joralemon*, 139 id. 16.)

FINCH, J. It appears to be conceded on all sides that the apportionment of Kings county into assembly districts should have been based upon the citizen population and have

excluded aliens. That is undoubtedly the correct rule, and the return admits that it was not observed. It does not necessarily follow, however, that the apportionment made should be set aside for that error. If no appreciable harm has resulted from adopting the wrong measure of population as a basis for the division made we ought not to grant a mandamus to compel a change, at least, under circumstances such as exist in the present case. An apportionment was first made in 1892. It was unequal and vicious on its face; a palpable violation of the constitutional provision, and of a character subversive of all true principles of government, and which cannot be too severely condemned; but that apportionment was also based upon the population swollen by the inclusion of aliens. No objection was taken on that account. The question was not raised, and our order for a new apportionment consequently made no allusion to the subject and gave no direction about it. (138 N. Y. 96.) The supervisors then proceeded to make a new apportionment, which, on the relation of *Baird*, we have just upheld. It is not a perfect one by any means. The relator claims that considerations of political advantage still infect the work done, and that the problem has been how much of partisan injustice this court would feel itself bound to bear. But the division has seemed to us a reasonable approach to equality, and under all the circumstances of the case a substantial obedience to the writ. Some discretion we are bound to concede to the apportioning board, and we have already determined in the *Baird* case that such discretion has not been so abused or exceeded as to require a second judicial interference. Having once ordered a new apportionment with no complaint made as to the selected basis of population, and that order having been obeyed, we ought not now to intervene on the new ground asserted unless we can clearly see that the error established did, in fact, make the apportionment much more unequal than it appeared to be upon the basis adopted. In *People ex rel. Carter* v. *Rice* (135 N. Y. 473) it was alleged as a ground of attack upon the senate districts that persons of color not taxed

were included in the representative population, and we held that unless the class wrongly included were shown to be located in seriously different proportions in the different districts, the error was harmless and should not occupy the time of the court. We cannot presume a material disproportion in the distribution of aliens, and the proof given in this case tends to show that their distribution through the districts. formed is in a proportion quite near to the citizen population, and varying so little from it that the same and an identical apportionment with that now before us might be made, based upon the citizen population alone, and we should feel bound to permit it to stand. And so we think that the error relied upon does not furnish a sufficient reason for setting aside the apportionment.

The order should be affirmed.

All concur.

Order affirmed.